IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUSAN ANN SANDS-WEDEWARD,

                Plaintiff,

  v.

LOCAL 306, NATIONAL POSTAL
MAIL HANDLERS UNION and
JOHN CASTAGNA,

                Defendants.

ORDER

13-cv-100-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Susan Ann Sands-Wedeward, acting pro se, is suing defendants Local 306, National Postal Mail Handlers Union and John Castagna, the branch president for Local 306 members at the Madison Postal Service facility, for the union's failure to protect her after she was injured and suspended from her employment with the United States Postal Service. Plaintiff filed this action originally in the Circuit Court for Dane County, but defendants removed the case to this court under 28 U.S.C. §§ 1441 and 1446. Removal of this case is appropriate under § 1441(a) because this court has original federal question jurisdiction under 28 U.S.C. § 1331. Although plaintiff's complaint is somewhat difficult to understand, it appears that plaintiff is alleging that she suffered an adverse employment action related to a work injury, that Local 306 failed to represent her properly and that she sustained and is continuing to sustain substantial injuries as a result. Claims against postal unions for

1

breach of a collective bargaining agreement or violation of a duty to provide fair representation arise under federal law.  39 U.S.C. § 1208; <u>Thomas v. National Association of Letter Carriers</u>, 225 F.3d 1149, 1158 (10th Cir. 2000).

Defendants have moved for a more definite statement of plaintiff's claims against them.  Dkt. #5.  In particular, defendants ask plaintiff to clarify whether she intended to name Castagna as a defendant, or if she listed Castagna only because she intended to make service on Local 306 through him.  If plaintiff does intend to name Castagna as a defendant, defendants seek clarification as to what claims plaintiff is bringing against him.

Additionally, defendants ask that plaintiff file a new complaint that complies with Fed. R. Civ. P. 8(d), which requires pleadings to be "simple, concise, and direct."  The materials plaintiff filed in the Circuit Court for Dane County consist of one document labeled as a "petition" and a second unlabeled document.  The petition contains four numbered paragraphs, consisting largely of argumentative statements about plaintiff's injuries and seemingly irrelevant statements about plaintiff's ex-husband.  It contains no allegations about the defendants.  The separate three-page document with unnumbered paragraphs provides additional allegations about her claims and contains some allegations relating to defendant Local 306.

I am granting defendants' motion.  I understand that plaintiff is proceeding pro se and it can be difficult to craft a complaint that is clear, concise and contains all of the necessary information.  However, I agree with defendants that plaintiff's complaint is not simple and concise and that it would be difficult for defendants to respond to it.  Many of

plaintiff's present allegations are not related directly to her claims against Local 306 and the majority of plaintiff's allegations are about her ongoing injuries, instead of the actions taken by defendants that provide grounds for her claim. Plaintiff did attempt to clarify her claims in her brief in opposition to defendants' motion by providing more information about Local 306's duties as her representative. However, plaintiff's clarification in a brief is not sufficient. She must file an amended complaint to which defendants can respond. Additionally, plaintiff must clarify whether she is bringing a claim against Castagna and if so, what that claim is. If plaintiff does not wish to sue Castagna, she should remove his name from the caption of her amended complaint.

Plaintiff should draft the amended complaint as if she were telling a story to people who know nothing about her situation. This means that someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims?
- What actions did defendant take that violated plaintiff's rights?
- What rights does plaintiff believe were violated?
- What relief does plaintiff want the court to provide?

Plaintiff should identify clearly the facts that form the basis for her claims against defendant and should set forth her allegations in separate, numbered paragraphs using short and plain statements. Plaintiff should identify clearly what rights she believes were violated and should address each right separately. Plaintiff should omit arguments and should focus on factual allegations relating to defendants, rather than allegations relating to her ongoing

injuries.

Plaintiff may have until May 30, 2013 to submit an amended complaint. If plaintiff fails to submit an amended complaint by May 30, I will direct the clerk of court to enter judgment in favor of defendants and close the case.

One final matter requires attention. In her brief in opposition to defendants' motion, plaintiff states that this case must be transferred to a different judge because I have a conflict of interest. I understand plaintiff to be making a request for judicial reassignment. That request will be denied. Certain statutes authorize recusal of judges for "personal bias or prejudice," 28 U.S.C. §§ 144 and 455, but plaintiff has alleged nothing that would demonstrate that either of these apply. I am not biased or prejudiced against plaintiff. Plaintiff seems to believe that I am biased primarily because I issued decisions adverse to her in previous cases. Sands-Wedeward v. Donahue, 12-cv-266-bbc; Sands-Wedeward v. Astrue, 12-cv-491-bbc. By themselves, such judicial rulings are not a sufficient basis for recusal. Litekey v. United States, 510 U.S. 540, 555 (1994). The recusal statutes were not "intended to enable a discontented litigant to oust a judge because of adverse rulings." Id. at 549. In sum, the previous decisions I entered in this case were based on my interpretation of the law and facts and not on any personal bias or prejudice. There is no basis for judicial reassignment.

ORDER

IT IS ORDERED that

1. The motion for a more definite statement filed by defendants Local 306, National Postal Mail Handlers Union and John Castagna, dkt. #5, is GRANTED. Plaintiff Susan Ann Sands-Wedeward may have until May 30, 2013 to file an amended complaint that complies with Fed. R. Civ. P. 8.

2. Plaintiff's motion for judicial reassignment, dkt. #7, is DENIED.

Entered this 16th day of May, 2013.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge