IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUSAN ANN SANDS WEDEWARD,

                 Plaintiff,

    v.

LOCAL 306, NATIONAL POSTAL
MAIL HANDLERS UNION,

                 Defendant.

ORDER

13-cv-100-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Susan Ann Sands Wedeward filed this suit against defendant Local 306, National Postal Mail Handlers Union, in the Circuit Court for Dane County, Wisconsin, in January 2013. Defendant removed it to this court (along with John Castagna, who has since been removed as a defendant). Counsel for defendant entered an appearance and moved for a more definite statement. Plaintiff opposed the motion, but it was granted on May 16, 2013.

      Plaintiff filed what was supposed to be a clearer statement of her claims against defendant on May 24, 2013. Again, defendant moved for a more definite statement. Plaintiff opposes the motion, arguing that she has set out everything that defendant needs to know to defend the suit. My review of the amended complaint shows that it is still not possible to make out plaintiff's claims. For instance, it appears that she was injured at work, although she does not explain what happened, except that it may have to do with lifting bags

1

of mail that were heavier than they should have been. It appears that she may have been denied prompt attention for her injuries, that she was laid off and sent home with no health care coverage and that defendant "failed to file or expedite any Arbitration prior to" the cancellation of her benefits. Dkt. #9 at 2. Her allegations suggest that she believes that someone at the Postal Service had said that plaintiff did not receive her injury at work and that it may have been from her former husband. Id. at 3. She says that she kept defendant informed on a daily basis, apparently about her former husband and why he would have told the Postal Service that she had not been injured at work. Id. at 3-4. Much of her amended complaint is taken up with her alleged damages, which she believes extend to her loss of health insurance, her need for money to pay for medical costs for herself and her family members and her loss of benefits from the Social Security Administration, id. at 4-6, and her plans for additional law suits, id. at 7.

It is clear from her second amended complaint that plaintiff thinks she has provided the information necessary to a defense of her suit, but a review of the complaint shows that she had failed to set out the basic information to which defendant is entitled. Uncer the law it has the right to know the essential elements of the claims against it so that it can defend the suit. I will give her one more chance to advise defendant why she thinks it is liable to her. I understand that she thinks it should have done a better job of representing her after she was injured and laid off without health benefits or life insurance, but defendant needs to know more than this barebones allegation.

At a minimum, defendant needs to know the following information:

1. When did plaintiff start working for the Postal Service?

2. On what day of what year was she injured?

3. At what time of day was she injured?

4. Where was she when she was injured?

5. What was she doing when she was injured?

6. When did the Postal Service send her home from work?

7. What was her status with the Postal Service after she had been sent home?

8. Did plaintiff ever ask the Union to represent her on a claim against the Postal Service?

9. If she asked the Union for representation, in what month and what year did she ask?

10. Did she ever ask the Union for any other kind of help and in what month and year did she ask?

11. If she did ask for representation or some other kind of help, who in the Union did she ask?

12. Did the Union give her any help and if so, what kind of help?

13. Were any hearings held on her claim? If so, when were those hearings held?

This information is basic to any claim that plaintiff can bring. If she cannot answer the questions, she will not be allowed to go forward on her law suit against the Union. I will give her two weeks to respond to each of the questions. If she does not do so, her suit will be dismissed.

3

ORDER

IT IS ORDERED that plaintiff Susan Ann Sands Wedeward may have until September 25, 2013, in which to provide answers to the questions set out above. If she does not do so, her complaint will be dismissed under Fed. R. Civ. P. 12(e) as so vague that defendant Local 306, National Postal Mail Handlers Union, cannot reasonably prepare a response to the allegations. If plaintiff does submit a complaint that gives adequate notice of her claims, I will allow her to proceed on her claims of liability, but I will grant defendant's motion to bifurcate the case, reserving discovery on damages until the issue of liability has been resolved.

Entered this 9th day of September, 2013.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge