IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUSAN ANN SANDS WEDEWARD,

                Plaintiff,

    v.

LOCAL 306, NATIONAL POSTAL
MAIL HANDLERS UNION,

                Defendant.

ORDER

13-cv-100-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Susan Ann Sands Wedeward has responded to this court's order of September 9, 2013, directing her to provide additional information about her claim against defendant Local 306, National Postal Mail Handlers Union.  From my review of the information she has provided, I am persuaded that plaintiff has alleged enough to give defendant a relatively clear idea of her claim.  In order to succeed on her claim, plaintiff will have to show that defendant breached its duty of fair representation, she will have to show that its actions (or omissions) were arbitrary, discriminatory or taken in bad faith.  <u>Vaca v. Sipes</u>, 386 U.S. 171, 190 (1967).  Whether a union's actions are discriminatory or taken in bad faith requires proof that the union acted or failed to act for an improper motive.  <u>Neal v. Newspaper Holdings, Inc.</u>, 349 F.3d 363, 369 (7th Cir. 2003).

      At this stage, however, I will direct defendant to file a response to plaintiff's amended complaint, limited to her claim that defendant did not provide her representation after she

1

suffered an injury while she was at work in 2006. Defendant is not required to respond to any references in plaintiff's complaint to events that occurred in 2009, to her divorce, to her 2010 request for help in obtaining Social Security benefits or to her alleged ownership of a patent. Plaintiff never mentioned the 2010 request for help in her initial complaint or her amended one and her allegations about the other three matters are too vague to state a claim.

ORDER

IT IS ORDERED that defendant Local 306, National Postal Mail Handlers Union may have until October 28, 2013, in which to file a new response to the claim in plaintiff's amended complaint, as clarified by plaintiff in her submission of September 27, 2013, that defendant did not provide her adequate legal representation after she was injured while at work at the Madison post office on October 29, 2006.

Entered this 8th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge